

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Affirmed by R2929 C.S.

February 20, 1952

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Calvert:

Opinion No. V-1408

Re: Applicability of gross re-
ceipts taxes to air express
revenues received by Rail-
way Express Agency, Inc.,
under the submitted facts.

You request the opinion of this office upon the ques-
tion presented in your letter of January 23, 1952, as follows:

"Article 7058, V.C.S. reads in part as follows:

" 'Each individual, company, association or
corporation doing an express business by steam rail-
road or by water in this State shall make, quarterly,
on the first days of January, April, July and October
of each year, a report to the Comptroller, under oath
of the individual or of the president, treasurer or
superintendent of such company, association or cor-
poration, showing the gross amount received from
intrastate business done within this State in the pay-
ment of charges from express and freights, or from
other sources of revenues received from intrastate
business during the quarter next preceding.'

"I am enclosing copy of Air Express Agree-
ment between Railway Express Agency, Inc. and the
various air lines with which they do business.

"Please advise me if the air express revenue
received by Railway Express Agency, Inc., under the
terms of the agreement, is taxable under the provi-
sions of Article 7058, V.C.S."

With your opinion request you submit for our exami-
nation a contract form between Railway Express Agency, Incor-
porated, and the air line company referred to in the contract as
"Air Company," which covers the contract or agreement between
the express company and the air company with respect to the un-
dertaking on the part of the air company to transport by air ship-
ments of the express company. This contract is lengthy and
somewhat involved, but it is sufficient to say that the air company

undertakes in behalf of the express company to perform by air express a certain part of the transportation of the shipments contemplated by the contract. The express shipments involved begin and end with the express company, the air company performing the intervening transportation.

Article 7058, V.C.S., levies a gross receipts tax on express companies carrying on business "by steam railroad" and requires such express companies to file with the State Comptroller on the first day of January, April, July and October a report "showing the gross amount received from intrastate business done within this State in the payment of charges from express and freights, or from other sources of revenues received from intrastate business during the quarter next preceding."[1] At the same time such companies shall pay to the State Treasurer "an occupation tax" for the succeeding quarter "equal to Two and One-half (2½%) Per Cent of said gross receipts" as shown by the report.

Specifically, your question involves the receipts by the express company derived from that part of the transportation performed by the air company.

Article 7058 was amended by House Bill 648, Acts 42nd Leg., R.S. 1931, ch. 222, p. 376; and certain changes were then made to the original act. The word "steam" was added; so the act, as amended, applies to express companies doing an express business by steam railroad instead of by railroad as was provided in the original act. The following was also added: " . . . or from other sources of revenues received from intrastate business during the quarter next preceding." The only other change made by the amendment to the original act was to provide for quarterly payments instead of annual payments. We find upon examination of the emergency clause to this amended act a clear expression of the legislative intent. It reads:

"The fact that it will be beneficial to the revenues of the State to have express companies pay a quarterly tax in lieu of an annual tax, and the further need of amending the statutes so as to make same apply to express business done on other carriers than steam railroads, . . ."

We are here primarily concerned with the following expression appearing in the body of the act and constituting a

---

[1]Emphasis added throughout.

part of the amendment: " . . . or from other sources of revenues received from intrastate business during the quarter next preceding." This phrase, construed in connection with the express purpose as stated in the emergency clause, leads to the conclusion that the receipts from such air line transportation is subject to the tax. In brief, the purpose of the amendment was to impose the tax not only upon the receipts from that part of the business done by the steam railroads, but also upon other sources of revenue derived from express business done by other carriers for and in behalf of the express company.

## SUMMARY

An express company is subject to the gross receipts tax imposed by Article 7058, V.C.S., on that part of its receipts arising from transportation of freight by the air lines in behalf of the express company.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By *L. P. Lollar*

L. P. Lollar
Assistant

W. V. Geppert
Taxation Division

Mary Kate Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

LPL/mwb